Francisca Cristina Morales, Appellant, *v.* Registrar of Property of Mayagüez, Respondent.

No. 1040. Submitted February 8, 1939.—Decided March 27, 1939.

*José Oliver Sabater* for appellant.   The registrar filed a brief.

Mr. Justice Travieso delivered the opinion of the Court.

The petitioner in this case on October 20, 1938, issued a promissory note to bearer for the sum of $600, which note she guaranteed by a mortgage on a farm in Mayagüez. In the mortgage deed, among others, the following condition was set forth:

"(*d*) The loan has been made to make improvements on the mortgaged property and therefore by law the debtor will not be able in the future to allege a homestead right if this mortgage is foreclosed, which is set forth by the debtor as a condition precedent to this contract."

The deed was presented in the registry and the registrar recorded it in regard to the mortgage but refused to record it in regard to condition (d) supra, and he made the following note:

"The recording is denied in regard to the clause (d) of the document because the deed does not include the carrying out previously of a contract of loan and because the homestead right cannot be mortgaged according to law and the jurisprudence."

In the present review we are asked to reverse the holding in said note.

■ According to the provisions of article 2 of Act No. 87 of May 13, 1936 ((1) page 460), the homestead right may be attached and sold to satisfy a judgment when the debt collected is part of the purchase price or was used to improve the property. The parties to a contract of loan secured by a mortgage may stipulate, there being no law to the contrary, that the amount taken in loan shall be used for repairs and improvements of the mortgaged property and that once said sum has been so used according to the stipulations the debtor may not invoke a homestead exemption if the mortgaged property is foreclosed. We are of the opinion, however, that even though the parties have stipulated that the amount of the loan shall be used for repairs or improvements of the mortgaged property, the debtor may invoke his homestead exemption if the mortgaged property is foreclosed, if he should prove to the satisfaction of the court that the amount of the loan in reality was not used for the stipulated purposes and that the only object of the stipulation was to hide a waiver of the homestead exemption, which is prohibited by law since said exemption is not waivable.

■ The first reasoning of the note appealed from, in our opinion, has no merits whatsoever. It is true that the mortgage deed to guarantee a promissory note to bearer is not a bilateral contract at the time when it is made, nor can it be so considered until the promissory note is negotiated by

the debtor, by its delivery to the person who in turn will deliver the amount of the loan. But as soon as the debtor receives the amount of the loan and the creditor accepts the promissory note as evidence of the debt, the offer contained in the mortgage deed is converted into a valid and binding contract of the parties.

█ Section 153 of the Mortgage Law, as amended by Act No. 33 of March 7, 1912 (Laws of that year, page 67) authorizes the issuance of mortgage notes without the specific determination of the name of the creditor: They may be issued generically to the order of the person in whose favor the notes may be transferred or endorsed by the mortgage debtor. We see no legal or moral reason which would bind us to hold that the insertion in a promissory note or in a mortgage deed such as that contained by stipulation in clause letter (d), supra, is against the law.

The second reasoning of the note appealed from is equally untenable. We find nothing in the deed which may be interpreted in the sense of creating a mortgage on the homestead exemption. The only thing that the debtor does is to stipulate that the money which he hopes to receive from the person who will acquire the promissory note is required "*to repair and modify the house which is on said lot.*" And the legal consequence of such stipulation is to stop the debtor from invoking his right to a homestead exemption in case of foreclosure.

The decision appealed from should be reversed and the registrar should make the requested recording.